United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11172
Conference Calendar

_____

NATIVIDAD SILVA, JR.,

                                        Plaintiff-Appellant,

versus

BUREAU OF PRISONS; K. J. WENDT; RUSS PRUDUE; MARCELLA PRIEST
ANDERSON; SHANNON PHILPS, Unit Manager, Case Manager, Unit
5; ROBERT PAIT, Case Manager, Unit 5; ALEX GUZMAN, Counselor
Unit 5; FEDERAL CORRECTIONAL INSTITUTION SEAGOVILLE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-452-N
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Natividad Silva, Jr., appeals from the district court's

dismissal with prejudice of his lawsuit for failure to state a

claim upon which relief may be granted, pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b).  Silva has filed a motion to

proceed in forma pauperis (IFP) on appeal, challenging the

district court's certification that his appeal was not taken in

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

good faith pursuant to Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997).

Silva alleged in his complaint that the defendants breached a contract with him and coerced him into renewing the contract. Examination of his arguments reveals that he has failed to allege a claim upon which relief may be granted in this action. The district court's certification that Silva's appeal is not taken in good faith is upheld, Silva's motion for IFP is denied, and this appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Silva is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We caution Silva that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.